# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| MATTHEW STATON | ) | Case Number: DPAE2:10CR000800-002 |
| | ) | USM Number: 54086-018 |
| | ) | Michael J. Malloy, Esq. |
| | | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)  1s, 4s, and 5s
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1349 and 1343 | Conspiracy to commit wire fraud | 2/28/2011 | 1s |
| 18:1343 and 18:2 | Wire fraud and aiding and abetting | 11/15/2006 | 4s |
| 18:1343 and 18:2 | Wire fraud and aiding and abetting | 4/8/2008 | 5s |

The defendant is sentenced as provided in pages 2 through __13__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/13/2013
Date of Imposition of Judgment

_(signature)_
Signature of Judge

R. Barclay Surrick, U.S. District Judge
Name and Title of Judge

December 20, 2013
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
As to each of Counts 1, 4, and 5 of the Superseding Indictment, 60 months to run concurrently. For a total term of 60 months.

☒ The court makes the following recommendations to the Bureau of Prisons:
While incarcerated, Defendant shall participate in the U.S. Bureau of Prisons Inmate Financial Responsibility Program and make payments in quarterly installments of $25.00 toward his restitution.
The Court recommended to the Director of the U.S. Bureau of Prisons that Defendant be designated to an institution as close to his family as possible in Perkiomenville, Pennsylvania.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____
  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☒ before 2 p.m. on    1/15/2014
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: MATTHEW STATON
CASE NUMBER: 10-800-02

Judgment—Page 3 of 13

## ADDITIONAL IMPRISONMENT TERMS

1. Defendant shall be given credit for time served while in custody of the U.S. Marshal awaiting sentencing on the charges listed on Page One of this judgment.

DEFENDANT: MATTHEW STATON
CASE NUMBER: 10-800-02

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Defendant is placed on Supervised Release for a total term of 3 years.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- [ ] The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

2. The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 13

DEFENDANT: MATTHEW STATON
CASE NUMBER: 10-800-02

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 300.00 | $ 0.00 | $ 1,967,926.10 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| SEE PAGES 7-10 | | | |
| TOTALS | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the  ☐ fine  ☒ restitution.

    ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

<u>**As to Barrett Byron Staton and Matthew Staton**</u>

| | |
|---|---:|
| **Great America Leasing Corporation**<br>625 1st Street SE<br>Suite 800<br>Cedar Rapids, IA 52401<br>Attn. Steve Brady, Assistant General Counsel | $ 418,010.46 |
| **Everbank Commercial Finance, Inc. (U.S. Express Leasing)**<br>10 Waterview Boulevard<br>Parsippany, NJ 07054<br>Attn. William Carey | $ 425,786.00 |
| **JJ Bender / Graphics Savings Group**<br>457 Castle Avenue<br>Fairfield, CT 086825<br>Attn. Andrew Bender | $ 361,062.00 |
| **CIT Vendor Finance**<br>One CIT Drive<br>Livingston, NJ 07039<br>Attn. Brian St. James, Chief Counsel | $ 291,496.22 |
| **FCI Victims (based on government's Exhibit H):** | |
| AASAP Abstracting Company<br>1998 Carlisle Road<br>York, PA 17408<br>(Attn. Patricia McCleary) | $ 1,939.80 |
| Allentown Anesthesia Associates<br>1245 S. Cedar Crest Boulevard<br>Allentown, PA 18103<br>(Attn. Iris Shelly) | $ 21,077.97 |
| Ashcombe Farm & Greenhouse<br>906 W. Grantham Road<br>Mechanicsburg, PA 17055<br>(Attn. Gwen Raymond) | $ 9,157.24 |
| Certified Testing Laboratories<br>7801 Allentown Boulevard<br>Harrisburg, PA 17112<br>(Attn. Jon H. Weik) | $ 5,164.40 |
| CET Engineering<br>1240 N. Mountain Road<br>Harrisburg, PA 17112<br>(Attn. Jeff Wendle) | $ 61,929.35 |

| Creditor | Amount |
|---|---|
| Dillsburg Brethren Church in Christ<br>18 E. Harrisburg Street<br>Dillsburg, PA 17019<br>(Attn. Nina Hoover) | $ 3,192.46 |
| Douglas M. Tanner, CFP<br>200 Butler Avenue, Suite 101<br>Lancaster, PA 17601<br>(Attn. Douglas Tanner) | $ 1,660.00 |
| Goddard School (Up All Night Design dba Goddard School)<br>300 Seitz Road<br>Schwenksville, PA 19473<br>(Attn. Gretchen Seward) | $ 22,940.99 |
| Hatfield Group<br>311 Sumneytown Pike<br>North Whales, PA 19454<br>(Attn. Glenn Hatfield) | $ 6,326.02 |
| Hempfield Bretheran in Christ Church<br>2600 Marietta Avenue<br>Lancaster, PA 17601<br>(Attn. Brian Wilson) | $ 38,400.00 |
| Human Achievement Products, Inc.<br>3118 W. Germantown Pike<br>Fairview Village, PA 19409<br>(Attn. Jeffrey Hare) | $ 8,883.66 |
| Immaculate Heart Church<br>6084 W. Canal Road<br>Abbottstown, PA 17301<br>(Attn. Rev. Kenneth G. Smith) | $ 400.00 |
| JK Printing<br>2628 Fallow Hill Lane<br>Jamison, PA 18929<br>(Attn. Joseph Kauffman) | $ 2,600.00 |
| Kaufhold Machine<br>1823 Colonial Village Lane<br>Lancaster, PA 17601<br>(Attn. Chris Schwamkel) | $ 7,369.84 |
| Lakeside Educational Network<br>P.O. Box 127<br>Fort Washington, PA 19034<br>(Attn. Linda Capron) | $ 17,013.75 |

| | |
|---|---:|
| Learning & Sharing Child Development<br>335 Front Street<br>New Cumberland, PA 17070<br>(Attn. John R. Bowers) | $ 4,719.34 |
| New Life Assembly of God<br>1991 Old Philadelphia Pike<br>Lancaster, PA 17602<br>(Attn. Linda Fichtner) | $ 112,547.13 |
| Paul C. McCleary Jr.<br>2500 Carlisle Road<br>York, PA 17408<br>(Attn. Patricia M. McCleary) | $ 11,470.28 |
| Penn Inc.<br>315 W. James Street<br>Lancaster, PA 17603<br>(Attn. Ron McComsey) | $ 793.92 |
| PennDel District Council<br>4651 Westport Drive<br>Mechanicsburg, PA 17055<br>(Attn. David Crosby) | $ 54,016.58 |
| Reliable Equipment & Service Co.<br>92 Steamwhistle Drive<br>Ivyland, PA 18974<br>(Attn. Ray Handwerk) | $ 33,023.00 |
| Rollins Law Office<br>4051-A Executive Park Drive<br>Harrisburg, PA 17111<br>(Attn. Steven M. Rollins) | $ 16,967.61 |
| Susquehanna Financial Advisors LLC<br>4999 Louise Drive<br>Suite 101<br>Mechanicsburg, PA 17055<br>(Attn. Edward P. Gormley) | $ 6,778.65 |
| USA Spares<br>1729 Trindle Road<br>Carlisle, PA 17015<br>(No contact person) | $ 3,482.67 |

| | |
|---|---:|
| West Gate Baptist Church<br>2235 Old Harrisburg Pike<br>Lancaster, PA 17601<br>(Attn. Cora Jane Stump) | $ 1,765.50 |
| Yellow Breeches Educational<br>15 Oak Park Avenue<br>Carlisle, PA 17015<br>(Attn. Patricia Carns) | $ 17,951.26 |
| **Total** | $ 471,571.42 |
| **SUBTOTAL (Overall)** | $1,967,926.10 |

### As to Barrett Byron Staton individually

**CAR FRAUD**

| | |
|---|---:|
| GMC Denali 2008, GXA-2929<br>Ally Financial Inc.<br>Mark S. White<br>Ally Legal Staff<br>M/C 482-B09-B11<br>200 Renaissance Center<br>Detroit, MI 48265 | $ 36,106.93 |
| GMC Denali 2008, GXA-2930<br>(Ally Financial Inc.) | $ 23,983.08 |
| Mercedes Benz 2009, GYL-1753<br>Bank of America N.A.<br>M/C NY7-501-01-17<br>5701 Horatio Street<br>Utica, NY 13502 | $ 17,827.25 |
| BMW 2006, HBA-8272<br>Mark Smith<br>5550 Britton Parkway<br>Hillard, OH 43026 | $ 24,686.38 |
| **Total** | $ 102,603.64 |
| **TOTAL (Overall)** | $2,070,529.74 |

**Restitution ordered for Barrett Staton:** $2,070,529.74
**Restitution ordered for Matt Staton:** $1,967,926.10

DEFENDANT: MATTHEW STATON
CASE NUMBER: 10-800-02

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒ Lump sum payment of $ 300.00 due immediately, balance due

   ☐ not later than _____ , or
   ☒ in accordance   ☒ C,  ☐ D,  ☐ E, or  ☒ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☒ Payment in equal quarterly (e.g., weekly, monthly, quarterly) installments of $ 25.00 over a period of 60 months (e.g., months or years), to commence 30 days (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒ Special instructions regarding the payment of criminal monetary penalties:

Upon release from incarceration, Defendant shall make payments in monthly installments of $100.00 toward his restitution. After Defendant's release from incarceration, the probation office shall assess Defendant's ability to make payments toward his restitution and recommend to the Court any changes to the payment plan.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.
SEE ATTACHED LETTER PAGES 12 AND 13.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
$1,508,392.95

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.



**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

*Nemours Building*
*(302) 573-6277*
*1007 Orange Street, Suite 700, P.O. Box 2046*
*FAX (302) 573-6220*
*TTY (302)-573-6274*
*Wilmington, Delaware 19899-2046*
*Toll Free 888-293-8162*

December 19, 2012

VIA ELECTRONIC MAIL

The Honorable R. Barclay Surrick
United States Courthouse
Room 8614
601 Market Street
Philadelphia, Pennsylvania 19106-1752

RE:  *United States v. Staton, et al.*, Crim. No. 10-800-RBS

Dear Judge Surrick,

The United States requests that the restitution amounts determined by the Court in the following amounts be joint and severally liable against all of the defendants in this matter.

1. Defendant Barrett Staton:
   - $1,529,662.80:  this loss amount should be joint and severally liable against all three defendants, because it relates to the total amount loss determined for Counts One through Five in the Superseding Indictment.
   - $438,263.30:  this loss amount should be joint and severally liable against Matthew Staton, because it relates to additional loss amounts determined by the Court that Barrett and Matt Staton are responsible for regarding Count One, Four, and Five in the Superseding Indictment.
   - $102,603.64:  this loss amount should **not** be joint and severally liable against the other defendants because it relates to Counts 6-10, which only involve Barrett Staton.

2. Defendant Matthew Staton:
   - $1,529,662.80:  this loss amount should be joint and severally liable against all three defendants, because it relates to the total amount loss determined for Count One, Four, and Five in the Superseding Indictment.
   - $438,263.30:  this loss amount should be joint and severally liable against

1

Matthew Staton, because it relates to additional loss amounts determined by the Court that Barrett and Matt Staton are responsible regarding Count One, Four and Five.

3. Defendant William Haken:
   - $1,529,662.80: this loss amount should be joint and severally liable against all defendants because it stems from Count One, which charged a conspiracy to commit wire fraud, and to which Defendant Haken previously pled guilty. This particular loss amount was agreed to by Defendant Haken and the United States in his plea agreement and factual proffer.

Respectfully Submitted,

CHARLES M. OBERLY, III
United States Attorney

BY: /s/ Jamie M. McCall
　　Jamie M. McCall
　　Assistant United States Attorney

cc: Christopher Furlong, Esq. (via electronic mail)
　　Michael Malloy, Esq. (via electronic mail)
　　E. Preate, Esq. (via electronic mail)